# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

### EVANS and others *v.* SMITH.

*(Circuit Court, D. Colorado.* June 23, 1884.)

1. FEDERAL COURTS — REMOVAL OF CAUSES FROM STATE COURT — SEVERAL ACTIONS BETWEEN SAME PARTIES, ETC.

    In several actions for the same cause between the same parties in a court of the state, the parties may not proceed to trial in one and afterwards remove another, under the act of 1875, and have the right to try the latter in a federal court.

2. SAME — REARRANGEMENT OF PARTIES.

    The act of 1875, relative to removal of causes from a state to a federal court, provides that the application for the removal must be made before or at the time at which such cause could be first tried, and before the trial thereof. After a trial, a different arrangement of the parties (or those interested in their stead) in a second suit does not so far alter the *status* of the case as to entitle the parties, or any of them, to a removal, when the subject-matter of the controversy is identical with that presented in the suit, trial upon which has already been had.

3. SAME — INJUNCTION PENDENTE LITE.

    Upon an action at law to recover real property in a court of the state, a bill can be maintained in a federal court to preserve the property pending the suit at law *only* when the jurisdiction of the state court has not been invoked. If in the principal suit at law relief by way of injunction is asked for, there can be no ground upon which to ask for the same thing in the federal court.

Motion for an Injunction.

*G. G. Symes* and *Thomas Macon,* for plaintiffs.

*Charles S. Thomas,* for defendant.

HALLETT, J. May 11, 1883, Charles H. Smith and three others brought suit in ejectment against Cornelia C. Evans and eleven others, in the district court of Gunnison county, to recover the possession of the Eureka lode. In the same complaint they asked for an injunction, according to the usual practice in courts of the state, to restrain the defendants from working the claim pending the suit. June 12, 1883, defendants in that suit answered the complaint, denying at

v.21F,no.1—1

length the allegations thereof, and asserting title in themselves to a part of the said Eureka claim, under another and an earlier location owned by them, and called the Nest Egg. On the twenty-eighth day of June, 1883, plaintiffs replied to the answer of defendants, and the cause was at issue. Both parties were enjoined from working certain parts of the ground in dispute, and various orders were made in the case during the year 1883, relating to the examination and possession of the claims. March 18, 1884, the cause came on for trial in the district court, and the plaintiffs obtained a verdict, upon which, after motion for a new trial, judgment was entered. Defendants have paid the costs of that trial, pursuant to section 254 of the Code, the judgment has been vacated, and the cause now stands for trial again, according to the provisions of that section.

After this suit was brought, and in the month of October, 1883, the plaintiffs applied for a patent to the Eureka lode. Three of the defendants in that suit, Cornelia C. Evans, Charles L. Perkins, and Frank C. Goudy, together with Edwin H. Hiller and Wilson Hallock, who then owned the Nest Egg location, made adverse claim in the land-office to a portion of the said Eureka claim, being the ground in contest between the Eureka and Nest Egg locations, as described in the before-mentioned suit of May 11, 1883. As provided in section 2326 of the Revised Statutes, the parties last named, on the tenth day of November, 1883, brought suit in the said district court of Gunnison county in support of their adverse claim against the plaintiffs in the first-mentioned suit. Three defendants in that suit, Hess, Pierce, and Steward, were served with summons, November 19th, and on the thirtieth of the same month they answered the complaint in the cause, denying the allegations thereof, and averring that they had parted with their interests in the Eureka claim, and disclaiming all interest therein. February 4, 1884, plaintiffs replied to this answer, and the replication was withdrawn May 26, 1884. On the same twenty-sixth of May, upon plaintiffs' request, the clerk of the district court entered an order dismissing the cause as to the said Hess, Pierce, and Steward. It does not appear that service was ever made upon the remaining defendant, Charles H. Smith. He appeared in the cause, March 31, 1884, and was allowed 10 days to plead to the complaint. This time was afterwards extended 30 days from April 5, 1884. May 5, 1884, he filed a general demurrer to the complaint, which has not been disposed of. May 27, 1884, in vacation, plaintiffs applied to the district judge, upon petition, to remove the cause into the circuit court of the United States, on the ground that there was a controversy between citizens of different states, under the act of 1875; some of the plaintiffs being citizens of the state of Colorado, and one a citizen of the state of New York, and defendant a citizen of the state of Iowa. An order allowing the removal was made by the district judge, and a transcript of the record was filed in this court, June 2, 1884. The bill of complaint on which the application for in-

junction is based is filed in this court by the plaintiffs in the last-mentioned law action, against the defendant therein, to restrain the latter from working and mining on the Eureka claim during the pendency of the law action. Its object is to preserve the property until the title to the claim can be tried at law. No question affecting the ultimate rights of the parties can be determined in it. The relief sought by the bill was once allowed and afterwards denied by the district court of Gunnison county, in the suit of May 11, 1883, which is still pending in that court. In this suit, therefore, the plaintiffs' right to relief must depend upon the right to prosecute the principal cause at law in this court, which was removed from the district court of Gunnison county, as before stated. Between May 11, 1883; when the first suit at law was brought, and November 1, 1883, when the second suit at law was brought, changes occurred in the ownership of the property: three of the plaintiffs in the first suit, Hess, Pierce, and Steward, conveyed their interests in the Eureka claim to the remaining plaintiff, Charles H. Smith, and nine of the defendants in the same suit retired from the Nest Egg claim, and Edwin H. Hiller and Nelson Hallock acquired some interest in it. Notwithstanding these changes in the ownership of the property, the second suit is a cross-action to the first, which adds nothing to the controversy.

As before stated, defendant in the first suit set up title to the ground in dispute under the Nest Egg location, and asked for affirmative relief. The second suit, brought by the same defendants and those claiming under them, presented only a different arrangement of the parties, without change in the subject-matter of the action. The object of each suit was the same, and a judgment in either would bar all further proceedings in the other. When two suits are brought for the same thing, the court may require the parties to elect in which they will proceed, or may consolidate them. By section 20 of the Code, suits upon causes of action which might have been joined may be consolidated, and several actions for the same cause must be subject to the same rule. And where there are several actions for the same cause pending in the same court at the same time, any step taken in one of them should bind the parties in all of them. The court is certainly not bound to proceed in the same manner and with the like results in every such cause. To illustrate this proposition, a trial having been had in the district court in the suit of May 11, 1883, the court was not bound to proceed to try the same issue in the suit of November 10, 1883. Inasmuch as a judgment in one would bar the other, the causes must be taken to be so identified that whatever was done in one of them will conclude the parties on the same point in the other. In other words, although the causes were not consolidated, and there was no election of record to prosecute one rather than the other, proceeding in one was attended with the same results as if such order had been made. The circumstance that the suit of November 10, 1883, is in support of an adverse claim does not affect the question.

It may be that upon discontinuing the prior suit the plaintiffs in that suit would have been entitled to proceed to judgment in it; or, with the consent of the court, the suit of November 10, 1883, could have been carried on in preference to the other. But the parties having elected to try the case of May 11, 1883, had no right to demand a trial in the second suit on the same issue. The act of 1875, under which the suit of November 10, 1883, was removed into this court, provides that the application for removal shall be made "before or at the term at which said cause could be first tried, and before the trial thereof;" and, that cause being affected with the proceedings in the prior suit of May 11, 1883, in which a trial was had before the application was made, it must be said that the petition to remove was not filed in due time.

By the answer of Hess, Pierce, and Steward, in the suit of November 10, 1883, which was filed November 30, 1883, plaintiffs were advised that those parties had disposed of their interest in the Eureka claim. It was then practicable to make the parties to the suit of May 11, 1883, as they were subsequently made in the suit of November 10, 1883, and to establish the right of removal in both suits if any could exist. To proceed to trial in either cause after that date, was a waiver of the right to remove the other under the act of 1875. Any other rule would enable the parties to try their fortunes in the district court of the state, and if the result should be unsatisfactory to renew the contest in this court.

The suggestion that a suit may be prosecuted in the state court and in a federal court at the same time and for the same cause, would be worthy of consideration if the suit of November 10, 1883, had been brought in this court; but such is not the fact. And the question is, not whether the pendency of another suit for the same cause in a court of the state will abate an action in this court. We are now considering whether, in several actions for the same cause between the same parties in a court of the state, the parties may proceed to trial in one, and afterwards remove another under the act of 1875, and have the right to try the latter in the federal court. That question must be answered in the negative.

It was suggested, also, that upon an action at law to recover real property in a court of the state a bill can be maintained in this court to preserve the property pending the suit at law; but that rule is applicable only when the jurisdiction of the state court has not been invoked. If, in the principal suit at law, relief by way of injunction is asked for, there can be no ground upon which to ask for the same thing in this court. Before the application to remove the suit of November 10, 1883, was made in the district court of the state, all matters in controversy between the parties had been tried, and once determined in that court, and the right of removal no longer existed.

The suit of November 10, 1883, was improperly removed to this court, and the motion for injunction will be denied.